United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50101
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT TAPIA, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas, Del Rio
USDC No. DR-03-CR-373-1-AML
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Tapia, Jr., appeals his jury-trial conviction for possession with intent to distribute marijuana and importation of marijuana.  He first argues that the district court abused its discretion when it admitted evidence of a prior drug trafficking conviction.

The district court's evidentiary ruling with respect to Tapia's 1995 drug trafficking conviction was in accord with FED. R. EVID. 404(b), which provides that extrinsic evidence of other

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith, but is admissible for other purposes, such as intent. See FED. R. EVID. 404(b); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Also, the district court diminished the prejudicial effect of the FED. R. EVID. 404(b) evidence by giving a limiting instruction to the jury regarding the proper use of the evidence. United States v. Taylor, 210 F.3d 311, 318 (5th Cir. 2000). The district court therefore did not abuse its discretion with reference to the challenged evidentiary ruling. United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995).

Tapia avers next that the evidence was insufficient on all counts of conviction because the Government failed to establish that he had knowledge of the marijuana secreted in the spare tire of the vehicle that he was driving. The argument fails.

Viewing the evidence in the light most favorable to the prosecution, there was ample circumstantial evidence of guilty knowledge. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000). Tapia was the driver of a vehicle that contained a spare tire in which 32 packages containing approximately 15 kilograms of marijuana were secreted. On the basis of Tapia's implausible explanation, lack of nervousness, and the large amount of marijuana found, there was more than sufficient evidence to support an inference by the jury that Tapia knew the spare tire contained marijuana. See United States v. Ortega

Reyna, 148 F.3d 540, 544 (5th Cir. 1998); United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003); United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995).  The judgment of the district court is AFFIRMED.